# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JACQUELINE PARKE, )<br>as mother and Special Administrator )<br>of the Estate of Tayler Rock, deceased )<br>and on behalf of minor Heirs-at-Law of )<br>TAYLER ROCK, deceased, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COWLEY COUNTY, BOARD OF )<br>COUNTY COMMISSIONERS and )<br>COWLEY COUNTY SHERIFF DEPUTY )<br>STEVEN DEILL, CORRECTIONS )<br>OFFICER ANA BEDOLLA and )<br>SHEA CASUROLE, Individually, )<br>)<br>Defendant. ) | Case No. 15-1372-JTM-TJJ |

## MEMORANDUM AND ORDER

This matter is pending before the Court on the Motion to Disqualify Counsel (ECF No. 7) filed by Defendants Cowley County Board of County Commissioners ("Cowley County") and Cowley County Sheriff's Deputy Steven Deill ("Deputy Deill"). Defendants move to disqualify one of Plaintiff's attorneys, Donald Snook ("Snook"), because of an alleged incurable conflict of interest based upon Snook's previous representation of Defendants Cowley County and Deputy Deill in another case. Plaintiff argues that her counsel should not be disqualified as the matters at issue in the prior case and this case are not substantially related and Snook possesses no confidential information regarding Defendants. For the reasons set out below, the Court finds Snook's representation of Plaintiff in this case is substantially related to the subject of Snook's representation of Defendants Cowley County and Deputy Deill in the prior case. The motion is therefore granted.

I.      **Factual Findings**

Plaintiff Jacqueline Parke, as mother and Special Administrator of the Estate of Tayler Rock and on behalf of the minor heirs-at-law, brings this civil rights action under 42 U.S.C. § 1983, arising out of the May 31, 2014 shooting death of her son, Tayler Rock ("Rock"), by Cowley County Deputy Deill. Plaintiff alleges that Defendants Deputy Deill, Corrections Officer Ana Bedolla, Shea Casurole, and Defendant Cowley County violated and conspired to violate Rock's Fourth Amendment civil rights. Plaintiff also asserts state law claims of battery and wrongful death against Defendants Cowley County Sheriff's Department and Deputy Deill. Plaintiff is represented in this case by attorney Snook.

Snook previously represented Defendants Cowley County and Deputy Deill in another case filed in this District in 2007, *Stearns v. Cowley County, Kansas*.[1] The plaintiff in the *Stearns* case asserted claims under 42 U.S.C. § 1983 against Cowley County, the City of Winfield, Kansas, and several individual law enforcement officials, including Deputy Deill, arising out of plaintiff Stearns's arrest and strip search. Snook represented Deputy Deill and the other Cowley County defendants in the *Stearns* case from March 2008 until at least the filing of the interlocutory appeal in April 2009.

II.     **Summary of the Parties' Arguments**

Defendants contend that the Court should disqualify attorney Snook from representing Plaintiff in this case under Kansas Rule of Professional Conduct 1.9 ("KRPC") because Snook previously represented Deputy Deill and Cowley County in the *Stearns* case, and Snook's

---

[1] Case No. 07-CV-1145-MLB (D. Kan.).

2

representation of Plaintiff in this case is substantially related to the matters Snook worked on in the *Stearns* case. Defendants point out that during his work in the *Stearns* case, Snook interviewed several witnesses, including Deputy Deill. Snook also conducted, defended, and/or attended ten depositions, including the depositions of Deputy Deill, the Cowley County Sheriff and training officer, and plaintiff Stearns.

Plaintiff contends that disqualification of her attorney Snook is not warranted because the *Stearns* case and this case are not substantially related, and Snook possesses no confidential information regarding Deputy Deill and Cowley County from his representation in *Stearns* that would be relevant to this case. Plaintiff argues that disqualifying Snook will have a chilling effect on her ability to retain counsel, especially given the limited number of plaintiff's attorneys that practice in civil rights cases, and that Defendants' motion is a strategic attempt to deprive Plaintiff of her choice of counsel. Finally, Plaintiff argues that disqualification is not required because information regarding deputy training and supervision and Cowley County's policies have already been disclosed.

### III. Legal Standard for Disqualification of an Attorney Based upon KRPC 1.9 (Former Client)

Two sources inform whether a district court should disqualify an attorney.[2] "First, attorneys are bound by the local rules of the court in which they appear. . . . Second, because motions to disqualify counsel in federal proceedings are substantive motions affecting the rights of the parties, they are decided by applying standards developed under federal law."[3]

---

[2] *United States v. Stiger*, 413 F.3d 1185, 1195 (10th Cir. 2005).

[3] *Id.* (quoting *Cole v. Ruidoso Mun. Schs.*, 43 F.3d 1373, 1383 (10th Cir. 1994)).

The District of Kansas has adopted the Kansas Rules of Professional Conduct ("KRPC") as the "applicable standards of professional conduct" for lawyers appearing in this Court.[4] The Court has the power to disqualify counsel at its discretion based upon these professional standards of ethics.[5] Because disqualification affects more than merely the attorney in question, the court must satisfy itself that this blunt remedy serves the purposes behind the ethical rule in question.[6] To disqualify counsel, the court must find the conflict of interest already exists or is probable to occur.[7] The moving party bears the initial burden of going forward with evidence sufficient to establish a prima facie case that a conflict exists, however, the ultimate burden of proof lies with the attorney or firm whose disqualification is sought.[8]

A motion to disqualify must be decided on its own facts, and the court must carefully balance the interest in protecting the integrity of the judicial process against the right of a party to have the counsel of its choice.[9] In deciding a motion to disqualify counsel, the trial court balances several competing considerations, including the privacy of the attorney-client relationship, the prerogative of a party to choose counsel, and the hardships that disqualification

---

[4] D. Kan. Rule 83.6.1(a).

[5] *E.E.O.C. v. Orson H. Gygi Co., Inc.*, 749 F.2d 620, 621 (10th Cir. 1984); *Biocore Med. Techs., Inc. v. Khosrowshahi*, 181 F.R.D. 660, 664 (D. Kan. 1998).

[6] *Koch v. Koch Indus.*, 798 F. Supp. 1525, 1530 (D. Kan. 1992).

[7] *U.S. v. Trujillo*, 302 F. Supp. 2d 1239, 1255 (D. Kan. 2004).

[8] *Regent Ins. Co. v. Ins. Co. of N. Am.,* 804 F. Supp. 1387, 1390 (D. Kan. 1992); *Williams v. KOPCO, Inc.*, No. 94-1541-FGT, 1996 WL 137840, at *3 (D. Kan. Mar. 8, 1996).

[9] *Kelling v. Bridgestone/Firestone, Inc.*, No. 93-1319-FGT, 1994 WL 723958, at *10 (D. Kan. Oct. 17, 1994).

imposes on the parties and the entire judicial process.[10] "The right to counsel of choice is an important one subject to override for compelling reasons."[11] Even so, this right is secondary in importance to preserving the integrity of the judicial process, maintaining the public confidence in the legal system and enforcing the ethical standards of professional conduct.[12] A motion to disqualify counsel deserves serious, conscientious, and conservative treatment.[13]

Defendants contend that attorney Snook should be disqualified from representing Plaintiff in this case because Snook's prior representation of Defendants Cowley County and Deputy Deill constitutes an incurable conflict of interest. Defendants argue that this prior representation of adverse parties is prohibited by Kansas Rule of Professional Conduct 1.9(a), which provides:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing.[14]

Under KRPC 1.9, the party seeking disqualification of opposing counsel must establish that "(1) an actual attorney-client relationship existed between the moving party and the opposing counsel; (2) the present litigation involves a matter that is 'substantially related' to the subject of the movant's prior representation; and (3) the interests of the opposing counsel's present client are

---

[10] *Nat'l Bank of Andover, N.A. v. Aero Standard Tooling, Inc.*, 30 Kan. App. 2d 784, 791, 49 P.3d 547, 533 (2002).

[11] *Koch*, 798 F. Supp. at 1530 n.2.

[12] *Id.*

[13] *Id.* at 1530.

[14] KRPC 1.9(a).

materially adverse to the movant."[15]

IV. **Whether Snook Should be Disqualified from Representing Plaintiff Based upon his Prior Representation of Defendants Cowley County and Deputy Deill in the *Stearns* Case**

Plaintiff does not dispute a previous attorney-client relationship existed between attorney Snook and Defendants Cowley County and Deputy Deill in the *Stearns* case. There is also no dispute that the interests of Snook's current client, Plaintiff Jacqueline Parke, as mother and Special Administrator of the Estate of Rock and on behalf of Rock's minor Heirs-at-Law, are materially adverse to Defendants Cowley County and Deill in this case. Therefore, the Court's analysis will focus on the remaining factor of whether there is a "substantial relationship" between the matters Snook worked on while representing Deputy Deill and Cowley County in the *Stearns* case and Plaintiff's case here.

Whether an earlier matter is "substantially related" to subsequent litigation is determined on a case-by-case basis,[16] which entails an examination of whether "the factual contexts of the two representations are similar or related."[17] This requires the court to "evaluate the similarities between the factual bases of the two representations [and] reconstruct the attorney's representation of the former client, to infer what confidential information could have been imparted in that representation, and to decide whether that information has any relevancy to the attorney's

---

[15] *Stiger*, 413 F.3d at 1196.

[16] *Seifert v. Unified Gov't of Wyandotte Cnty.*, No. 11-2327-JTM, 2016 WL 187994, at *1 (D. Kan. Jan. 14, 2016) (citing *Chrispens v. Costal Ref. and Mktg.*, 257 Kan. 745, 753, 897 P.2d 104, 112 (1995)).

[17] *Stiger*, 413 F.3d at 1196.

representation of the current client."[18] What confidential information could have been imparted involves considering what information and facts ought to have been or would typically be disclosed in such a relationship.[19] Consequently, the "representations are substantially related if they involve the same client and the matters or transactions in question are relevantly interconnected or reveal the client's pattern of conduct."[20] "[T]he underlying concern is the possibility, or appearance of the possibility, that the attorney may have received confidential information during the prior representation that would be relevant to the subsequent matter in which disqualification is sought."[21] As the comment to Rule 1.9(a) notes, "the underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question."[22]

In *Crispens*, the Kansas Supreme Court summarized the facts that other courts have considered in determining whether an attorney's prior representation of a former client was substantially related to his or her current client's case. Those facts include the following:

> (1) The case involved the same client and the matters or transactions in question are relevantly interconnected or reveal the client's pattern of conduct; (2) the lawyer had interviewed a witness who was key in both cases; (3) the lawyer's knowledge of a former client's negotiation strategies was relevant; (4) the commonality of witnesses, legal theories, business practices of the client, and location of the client were significant; (5) a common subject matter, issues and causes of action existed; and (6) information existed on the former client's ability to satisfy debts and its

---

[18] *Koch*, 798 F. Supp. at 1536.

[19] *Id.*

[20] *Id.*

[21] *Monroe v. City of Topeka*, 267 Kan. 440, 447, 988 P.2d 228, 233 (1999).

[22] KRPC 1.9(a) cmt. 2.

possible defense and negotiation strategies.[23]

Any doubt as to the existence of a substantial relationship is resolved in favor of disqualification.[24]

In its analysis, the Court evaluates the similarities between the factual bases of the two representations to infer what confidential information could have been imparted in the earlier representation and to decide whether that information is relevant to Snook's current representation of Plaintiff in this case. The Court begins with Snook's representation of Deputy Deill and Cowley County in the *Stearns* case. A review of the docket of that case reveals that plaintiff Stearns filed his lawsuit on May 23, 2007 against Cowley County, the City of Winfield, Kansas, and several individual law enforcement officials, alleging that Stearns was arrested without probable cause and strip searched in a holding cell at the Cowley County jail while six deputies and police officers watched. On February 2, 2008, the *Stearns* court entered an order granting the plaintiff's motion for discovery limited to the issue of qualified immunity. On March 24, 2008, Snook entered his appearance in the *Stearns* case on behalf of defendants Deputy Deill, the Board of County Commissioners of Cowley County, the Sheriff of Cowley County, and six other Cowley County sheriff deputies (collectively the "Cowley County defendants"). During his representation, Snook interviewed employees of Cowley County regarding the facts alleged and claims asserted by Stearns. Snook also took or defended several depositions during the course of discovery, including taking the deposition of plaintiff Stearns and defending the deposition of Deputy Deill. Snook signed the answer filed by the Cowley County defendants to the amended complaint on July 15,

---

[23] *Chrispens*, 257 Kan. at 770, 897 P.2d at 121.

[24] *Seifert*, 2016 WL 187994, at *1 (citing *Westinghouse Elec. Corp. v. Gulf Oil Corp.*, 588 F.2d 221, 225 (7th Cir. 1978)).

Case 6:15-cv-01372-JTM-TJJ   Document 29   Filed 05/06/16   Page 9 of 13

2008, and the motions for summary judgment filed on July 28, 2008 and August 11, 2008. Snook also signed the notice of interlocutory appeal filed on April 17, 2009.

Based upon the similarities of material issues presented in both cases, as well as the scope of Snook's prior involvement in defending Cowley County and Deputy Deill in the *Stearns* case, the Court concludes that attorney Snook's representation of Plaintiff in this case is substantially related to the subject of his prior representation of Cowley County and Deputy Deill. Both cases asserted claims based upon Fourth Amendment civil rights violations arising from the actions of employees of the Cowley County Sheriff's Department. The plaintiff in each case asserted claims against Cowley County based upon improper training or failure to properly train and/or supervise its deputies.

Snook had significant involvement in defending Cowley County and Deputy Deill in the *Stearns* case. Even though Snook did not enter his appearance until approximately ten months after the *Stearns* case was filed, he took, defended, or attended several key depositions on behalf of the Cowley County defendants. He was the attorney who conducted the deposition of plaintiff Stearns and who defended Deputy Deill's deposition. He also defended the depositions of other Cowley County deputies named as defendants and attended the depositions of other defendants and witnesses, including a police instructor. In all of these depositions, Snook is identified in the deposition transcripts as the only attorney present representing Cowley County and Deputy Deill. Snook also was the attorney who interviewed several fact witnesses, including Deputy Deill, and signed the answer and motions for summary judgment filed by the Cowley County defendants in the *Stearns* case.

Plaintiff attempts to minimize Snook's involvement in the *Stearns* case, stating he was

9

only an associate working under or with another attorney at the time he represented Deputy Deill and Cowley County, but the facts set out above do not support this characterization of his level of involvement. Snook had significant involvement in defending Cowley County and Deputy Deill and that continued from March 2008 until at least the filing of the interlocutory appeal in April 2009.[25]

Plaintiff also argues that Deputy Deill's role in the arrest of Mr. Stearns was as a "cover" officer and was very limited. Deputy Deill was not involved in the decision to arrest Mr. Stearns, and his only involvement with the strip search of Mr. Stearns was that he witnessed it. While Deputy Deill may have had a minor role in the facts of the *Stearns* case, that does not diminish the likelihood that Snook obtained confidential information from Deputy Deill or other Cowley County defendants that could be used adversely against Deputy Deill or Cowley County in this case. Snook defended Deputy Deill's deposition in the *Stearns* case. During the course of his representation preparing Deputy Deill for his deposition, Snook likely received confidential information from Deputy Deill relevant to the claims and defenses in *this* case. Further, even if Deputy Deill's role in the *Stearns* matter resulted in Snook receiving minimal confidential information, the Court notes that Snook also represented Cowley County and all the other Cowley County defendants in that case. Because he represented *all* the Cowley County defendants, it is more likely that Snook received confidential information that is relevant to the claims and defenses in this case. The fact that discovery Snook conducted in the *Stearns* case was limited to the issues

---

[25] As noted above, the Court is concerned with "the possibility, or the appearance of the possibility," that Snook may have received confidential information during his prior representation of Cowley County and Deputy Deill in the *Stearns* case that would be relevant to this case. *Chrispens*, 257 Kan. at 753, 897 P.2d at 112.

of qualified immunity does not persuade the Court otherwise. Discovery on qualified immunity issues would have included evidence demonstrating whether the Cowley County defendant's actions violated plaintiff's constitutional or statutory rights.

Snook defended Cowley County and Deputy Deill in the *Stearns* case and is now suing them in the current case, giving the potential appearance of switching sides. Based upon the length and breadth of Snook's representation of Deputy Deill and Cowley County in the *Stearns* case and the similarity in subject matter and causes of action, the Court finds it reasonably likely that during the course of that representation Snook was in a position to learn confidential information about Cowley County and Deputy Deill that would be relevant in this case. In particular, Snook would have been in a position to learn confidential information about Cowley County's training policies and practices, supervision, and how well its deputies are trained. This information is relevant to Plaintiff's failure to train and failure to supervise claims asserted against Defendant Cowley County. Plaintiff's assertion that Snook possesses no confidential relevant information and that his representation in the *Stearns* matter concluded several years prior to this case does not change the appearance that Snook obtained relevant and confidential information from his representation of Cowley County and Deputy Deill in the *Stearns* litigation.[26]

Plaintiff argues that because information regarding Deputy Deill's training, the training of the other deputies, and Cowley County's policies was already disclosed to other adverse parties, it is no longer confidential and eliminates any risk of disclosure. The Court rejects this argument.

---

[26] *See McDonald v. City of Wichita, Kan.*, No. 14-1020-GEB, 2016 WL 305366, at *5 (D. Kan. Jan. 26, 2016), reconsideration denied, motion to certify appeal granted, 2016 WL 1298090 (D. Kan. Mar. 31, 2016) (finding attorney's prior representation was substantially related and warranted disqualification even though representations were more than ten years apart and involved two separate matters).

11

Because failure to train and failure to supervise claims were asserted against Cowley County in both the *Stearns* case and this case, Snook reasonably would have acquired other relevant training-related confidential information during his prior representation that was not otherwise disclosed.

The Court finds attorney Snook's representation of Plaintiff in this case is substantially related to the subject matter of attorney Snook's prior representation of Cowley County and Deputy Deill. Having found all three factors for disqualification under KRPC 1.9 present, the Court concludes that Snook must be disqualified from representing Plaintiff in this case.

With respect to Plaintiff's argument that Defendants' disqualification motion is a strategic attempt to deprive her of her counsel of choice, the Court finds no evidence to support this argument. Very early in this case, defense counsel sent Snook a letter raising the issue and requesting that he withdraw from representing Plaintiff. Defendants followed up by filing their disqualification motion early in the case, at the same time they filed their answer and before any significant discovery commenced. In addition, the Court notes that Plaintiff has counsel other than Snook, from a separate firm, who can continue to represent her in this case. Thus, while Plaintiff will be impacted by the disqualification of one of her attorneys, the impact is not as great as if Snook were her only counsel of record. Although the Court notes that Snook and all of the attorneys representing the parties in this case have zealously represented their respective clients, the Court finds for the reasons set out above that Snook must be disqualified as counsel for Plaintiff herein.

**IT IS THEREFORE ORDERED THAT** Defendants' Motion to Disqualify Counsel (ECF No. 7) is GRANTED.

IT IS SO ORDERED.

Dated May 6, 2016, at Kansas City, Kansas.

*s/ Teresa J. James*
Teresa J. James
U.S. Magistrate Judge
