IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACQUELINE PARKE, *as mother and Special*
Administrator of the Estate of Tayler Rock,
Deceased and on behalf of minor Heirs-at-Law of
TAYLER ROCK, deceased

                            Plaintiff,

vs.                                             Case No. 6:15-cv-01372-JTM

COWLEY COUNTY, BOARD OF COUNTY
COMMISSIONERS AND COWLEY COUNTY
SHERIFF DEPUTY STEVE DEILL,
CORRECTIONS OFFICER ANA BEDOLLA
And SHEA CASUROLE, Individually,

                            Defendants.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Ana Bedolla's ("Bedolla") Motion to Quash Service and Dismiss Plaintiff's Petition (Dkt. 22), Plaintiff's Response (Dkt. 30) and Defendant's Reply (Dkt. 34). Bedolla argues that the complaint should be dismissed for insufficient service of process. For the following reasons, the court denies the motion.

### I.    Factual Background

Plaintiff Jacqueline Parke, as mother and Special Administrator of the Estate of Tayler Rock and on behalf of the minor heirs-at-law, brings this civil rights action under 42 U.S.C. § 1983, arising out of the May 31, 2014 shooting death of her son, Tayler Rock ("Rock"), by Cowley County Deputy Deill. Plaintiff alleges that Defendants Deputy Steve Deill, Corrections Officer Ana Bedolla, Shea Casurole, and Defendant Cowley County violated and conspired to violate Rock's Fourth Amendment civil rights.

Plaintiff filed the complaint on November 24, 2015. Plaintiff's attorney sent a copy of the summons and complaint addressed to Bedolla via certified mail at 511 S. C Street, Arkansas City, Kansas 67005, which was accepted and signed for by Lilia Bedolla on February 9, 2016 (Dkt. 11 at 1, 5). Plaintiff filed a Motion for Extension of Time to Serve Bedolla on February 23, 2016 (Dkt. 15), which was granted on February 24, 2016, giving Plaintiff until March 24, 2016 to effectuate service upon Bedolla (Dkt. 17). Plaintiff's attorney left a copy of the alias summons and complaint on the door, after no one answered, at 511 S. C Street, Arkansas City, Kansas 67005 and mailed a copy by first class mail to 511 S. C Street, Arkansas City, Kansas 67005 on March 21, 2016 (Dkt. 18 at 1, 7; Dkt. 30 at ¶ 22; Dkt. 34 at ¶ 22).

## II.     Legal Standard: Insufficient Service of Process

Fed. R. Civ. P. 4(c)(1) requires a summons be served with a copy of the complaint. This must be done within 120 days of filing of the complaint, but the court may extend the time for service upon a showing of good cause. Fed. R. Civ. P. 4(m).[1] Service may be made on an individual "in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1).

Kan. Stat. Ann. § 60–303 governs service within the state of Kansas. Although Plaintiff asserts she made effective service by three methods, this court will focus on the service option in Kan. Stat. Ann. § 60–303(d)(1)(C), which provides that if personal or residential service cannot be made,

> [S]ervice is effected by leaving a copy of the process and petition or other document at the individual's dwelling or usual place of abode and mailing to the individual by first-class mail, postage

---

[1] This complaint was filed prior to the December 2015 amendments to the Federal Rules of Civil Procedure, wherein the time for service in Rule 4(m) was amended from 120 to 90 days.

> prepaid, a notice that the copy has been left at the individual's dwelling or usual place of abode.

Kansas also has a substantial compliance rule, which states:

> In any method of serving process, substantial compliance therewith shall effect valid service of process if the court finds that, notwithstanding some irregularity or omission, the party served was made aware that an action or proceeding was pending in a specified court in which his or her person, status or property were subject to being affected.

Kan. Stat. Ann. § 60–204. "The Kansas Supreme Court has consistently held that, when applying section 60–204, courts must find that the defendant's awareness of the suit results directly from the plaintiff's substantial compliance with the service of process." *Burnham v. Humphrey Hosp. Reit Tr., Inc.*, 403 F.3d 709, 716 (10th Cir. 2005) (citing *Haley v. Hershberger*, 207 Kan. 459, 485 P.2d 1321, 1326 (Kan. 1971); *Thompson-Kilgariff General Ins. Agency, Inc. v. Haskell*, 206 Kan. 465, 479 P.2d 900, 902 (Kan. 1971); *Briscoe v. Getto*, 204 Kan. 254, 462 P.2d 127, 129 (Kan. 1969)). Once there is substantial compliance with some method of service, irregularities and omissions thereafter will be cured by awareness of the action. *Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1275 n.1 (D. Kan. 2006).

### III.    Analysis

On March 21, 2016, Plaintiff's attorney left a copy of the summons and complaint on the door of the residence, and mailed a copy to 511 S. C Street, Arkansas City, Kansas 67005 after no one answered the door. Bedolla admits that she lives at 511 South C Street, Arkansas City, Kansas, 67005 (Pl. Resp. at ¶ 14, Def. Reply at ¶ 14), that she received the summons and complaint left at the residence on March 21 (*Id.* at ¶ 22), and that she received the summons and complaint in the mail (*Id.* at ¶ 24). Bedolla's contentions in dispute of effective residential service are that mailing a copy of the summons and complaint does not meet the statutory

3

requirement to mail *notice* and that mere knowledge of the suit is not a substitute for proper service.

This court finds that Plaintiff effected residential service on Bedolla under Kan. Stat. Ann. § 60–303(d)(1)(C) within the time period granted by this court. Plaintiff's mailing a copy of the summons and complaint, rather than a notice, while not technically proper, constituted substantial compliance under Kan. Stat. Ann. § 60–204. Posting a copy and mailing a copy of the summons and complaint caused Bedolla's awareness of the pending action. Bedolla was not merely aware of the suit; she was made aware by Plaintiff's substantial compliance with the service of process. Thus, this court also finds that Bedolla has not been denied due process. *Nikwei v. Ross Sch. Of Aviation, Inc.*, 822 F.2d 939, 945–46 (10th Cir. 1987) (stating courts should generally overrule technical objections to service of process if defendants have not been denied due process). Bedolla has received notice of the lawsuit and has demonstrated by the present motion, her ability to defend the lawsuit. Therefore, Bedolla's motion to quash service and dismiss Plaintiff's petition is denied. Because there was effective residential service, this court will not address the effectiveness of service by certified mail in this action.

**IT IS THEREFORE ORDERED** that Bedolla's Motion (Dkt. 22) is denied.

**IT IS SO ORDERED** this 3rd day of August, 2016.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge